# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**ROBERT-LESLIE PUBLISHING, LLC**                                      **PLAINTIFF**

V.                        Case No.  3:23-CV-00177-BSM

**MACMILLAN PUBLISHING GROUP, LLC and**
**JOHN PATRICK GREEN**                                                 **DEFENDANTS**

## ORDER

On July 11, 2025, Plaintiff Robert-Leslie Publishing LLC ("RLP") filed a motion and supporting brief asking the Court to compel Defendants Macmillan Publishing Group, LLC and John Patrick Green and nonparty Jennifer Linnan to comply with asserted discovery obligations. *Docs. 38, 39*. On August 4, Defendants filed a response (*Doc. 47*) and supporting declaration by attorney Parker C. Eudy. *Doc. 45*. On August 15, RLP filed a proposed reply (*Docs. 54-1 through 54-10*), and on August 25, Defendants filed a surreply.[1] *Doc. 63*. On September 11, United States District Judge Brian S. Miller held a telephone conference, which I attended, regarding RLP's motion to compel (*Doc. 68*), and later that day, he referred the motion to compel to me for resolution. *Doc. 69*.

After careful consideration and for reasons stated below, I rule as follows: (1) RLP's request that the Court compel disclosures from Ms. Linnan is denied; (2)

---

[1] I have considered all of these filings in ruling on the discovery dispute.

RLP's request that Defendants amend responses to Document Request No. 2 is denied as moot; (3) RLP's request that Defendants amend responses to additional, unspecified document requests is denied without prejudice to the parties' right to bring any remaining disputes to the Court's attention as stated in this Order.

## I.     Background

This is a trademark infringement action. Plaintiff RLP sells early childhood learning materials under the registered trademark "InvestiGator Club." RLP alleges that beginning in 2020, approximately 15 years after RLP adopted the InvestiGator Club mark, Defendants Macmillan (a publisher) and Green (a children's author) began publishing and selling a children's book series under the mark "InvestiGators."

## II.    The Motion to Compel

The motion to compel and related filings cover myriad points of contention concerning discovery in this case, but during the September 11 telephone conference, RLP's counsel clarified the relief sought: (1) identification of specific documents included in Defendant Green's document production that were located and/or provided by nonparty Jennifer Linnan; and (2) amended responses to Rule 34 document requests.

### A.    Nonparty Jennifer Linnan

Jennifer Linnan is Defendant Green's literary agent and is also represented by Defendants' counsel of record in this case. *Doc. 45 at 17*. Ms. Linnan provided defense counsel documents in her possession which were then produced in June 2024 in response to RLP's requests for production issued to Defendant Green. *Docs. 45 at 17, 54-10 at 8*. RLP reports that Defendant Green's document production includes documents personally located by Mr. Green, interspersed with documents located by Ms. Linnan, but each document bears a "GREEN" Bates stamp.

In January 2025, RLP subpoenaed Ms. Linnan to appear for deposition at defense counsel's office in Manhattan, New York and to produce requested documents. *Doc. 45-9*. RLP states that it subpoenaed Ms. Linnan based on Defendants' recalcitrance to provide documents responsive to discovery requests and because Ms. Linnan played a central role in the selection and use of the InvestiGators mark. Ms. Linnan served RLP with timely objections to the subpoena duces tecum, asserting among other things that the requested documents had "already produced to Plaintiff by Green . . . ."[2] *Doc. 45-10 at 3*.

On April 30, 2025, Ms. Linnan appeared for deposition, and consistent with her written objections, did not produce the subpoenaed documents. *Doc. 53-10 at 7*.

---

[2] RLP argues that defense counsel expected RLP "to take on faith that all relevant responsive documents in Linnan's possession were being produced through Green." *Doc. 39 at 8*.

When questioned about her search for documents responsive to Rule 34 requests issued to Defendant Green, Ms. Linnan explained that she provided documents that her counsel deemed relevant. *Id. at 8*; *Doc. 53, Ex. F at 262-265* (Linnan Dep. filed under seal).

In support of its motion to compel, RLP argues that it is impossible to distinguish documents produced by Defendant Green from those provided by Ms. Linnan and asks the Court to compel disclosure of information specifying "what documents [among Defendant Green's responses] have been produced because of Ms. Linnan's search of her own documents[.]" *Doc. 53-1 at 11*. Alternatively, RLP asks the Court to compel Ms. Linnan to produce documents responsive to all document requests served on Defendant Green. *Id. at 15*.

To the extent RLP asks the Court to compel Defendant Green to identify documents included in his Rule 34 production that were located by Ms. Linnan, the motion is denied. Defendant Green is obligated to produce requested, discoverable documents within his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Documents within Defendant Green's control include those maintained or created by Ms. Linnan, his agent, on his behalf. However, Defendant Green's disclosure obligations do not require that he distinguish the source of each document as originating from Defendant Green or his agent, Ms. Linnan.

RLP's alternative request, that the Court compel Ms. Linnan to produce documents responsive to the Rule 45 subpoena is denied without prejudice to RLP's right to file a motion to compel in the United States District Court for the Southern District of New York. Rule 34 applies only to parties, but nonparties may be compelled to produce documents pursuant to a subpoena issued under Rule 45. RLP issued a subpoena to Ms. Linnan, requiring that she produce the documents in question in Manhattan, New York. Ms. Linnan served timely objections, and the proper forum for a motion to compel, at least initially,[3] is the Southern District of New York, the place for compliance. Fed. R. Civ. P. 45(d)(2)(B).

### B. Responses to Rule 34 Requests for Production

#### 1. Representative Samples

RLP reports that Defendants' responses to document requests indicate that they limited their document production to "representative samples." RLP requests that for each such response, Defendants be compelled to affirmatively state in amended responses that they provided all responsive documents, not just a "representative sample."

---

[3] Rule 45(f) provides that a non-issuing court where compliance is required may transfer a motion under Rule 45 to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

RLP identifies only one response in which Defendants indicated they would provide a "representative sample" of documents. Document Request No. 2, issued to both Defendants, seeks "all documents and communications concerning the consideration, creation, selection, and/or adoption of the title for Defendant's first Publication in the Defendant's Series." *Docs. 54-2 at 6, 54-3 at 6*. Both Defendants responded:

> [Defendant] objects to Request No. 2 as Overbroad, Burdensome, and Irrelevant to the extent that it requests "[a]ll" documents and communications of the requested type, when a more limited subset of documents will suffice to provide the information sought. [Defendant] further objects to this Request as Vague because it is not clear from the context of the Request what is meant by the phrase "first Publication in Defendant's Series." [Defendant] further objects to this Request to the extent it requests documents and communications not within [Defendant's] possession, custody, or control. [Defendant] further objects to this Request as seeking Privileged documents. Subject to and without waiving the foregoing objections, [Defendant] will produce a representative sample of non-privileged documents in his possession, custody, or control sufficient to show all facts concerning the consideration, creation, selection, and/or adoption of InvestiGators, published February 25, 2020.

*Id*.

Defendants state that during a May 2025 telephonic meet-and-confer, Defendants' counsel informed RLP's counsel that Defendants had produced all documents responsive to Request No. 2. *Doc. 47 at 3-4.* During the September 11 telephone conference, Defendants' counsel explained that Defendants initially responded they would produce a representative sample of documents responsive to

6

Document Request No. 2, but after searching for responsive documents and better understanding the scope of the request, Defendants were able to produce all responsive documents.

In several filings, including a sworn declaration submitted by attorney Parker C. Eudy, Defendants confirmed in writing that "all responsive documents [have] been produced by Defendants in response to Document Request No. 2." *Doc. 45 at 5*. Given written certifications on the record that Defendants produced all responsive documents, no constructive purpose would be served by compelling Defendants to amend their responses to Document Request No. 2. RLP's motion to compel an amended response to Document Request No. 2 is denied as moot.

To be clear, the law does not permit Defendants to limit their production of otherwise discoverable documents based on an *ex parte* determination of a "representative sample." See *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014) (noting that litigation in general and discovery in particular is not one-sided, and a party lacks "the unilateral ability to dictate the scope of discovery based on [its] own view of the parties' respective theories of the case."). However, I decline to grant the relief requested because it does not appear that the parties meaningfully conferred regarding specific instances, other than Document Request No. 2, where Defendants impermissibly limited their document production to a

7

"representative sample."[4] This ruling does not foreclose further consideration of this issue. At the parties' election, they may meet and confer regarding additional document requests within the scope of this ruling and thereafter seek Court intervention on any remaining issue by way of a joint motion.

### 2. Rule 34(b)(2)(B) Requirements

RLP contends that Defendants' objections to document requests, in general, fail to comply with Rule 34. As amended in 2015, Rule 34 requires that written responses to requests for production or inspection "state with specificity the grounds for objecting the request, including the reasons." Rule 34(b)(2)(B). In addition, Rule 34(b)(2)(C) states: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

The Advisory Committee Notes explain the purpose and practical application of Rule 34(b)(2)(C):

> This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed

---

[4] A prerequisite to a motion to compel discovery is "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Likewise, Local Rule 7.2(g) requires that all motions to compel discovery contain a statement by the moving party that the parties has conferred in good faith on the "specific" issue or issues in dispute and are not able to resolve their disagreement without the intervention of the Court.

> description or log of all documents withheld but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. *An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."*

Fed. R. Civ. P. 34(b) advisory committee's notes to 2015 amendment (emphasis added).

In its reply brief, RLP points to only one instance of Defendants' alleged failure to comply with Rule 34(b)(2)(C). *Doc. 53-1 at 14*. Document Request No. 38, issued to both Defendants, seeks: "All documents and communications concerning, referring, or relating to the Complaint, and/or any claims, defenses and/or subject matter of this litigation." *Docs. 54-2 at 29, 54-3 at 28-29*. Defendants' identical responses state:

> [Defendant] objects to Request No. 38 as Overbroad, Burdensome, and Irrelevant to the extent that it requests "all" documents of the requested type, when a more limited subset of documents will suffice to provide the requested information. [Defendant] further objects to this Request to the extent that it requests documents that are publicly available and/or equally accessible to Plaintiff.[5] [Defendant] further objects to this Request as seeking Privileged documents. Subject to and without waiving the foregoing objections, [Defendant] will produce a representative sample of non-privileged documents and

---

[5] Courts in the Eighth Circuit, including this District, have held that public availability does not excuse a party from producing documents. See *Cave v. Thurston*, No. 4:18-cv-00342-KGB, 2021 WL 4936185, at *13 (E.D. Ark. Oct. 22, 2021) (colleting cases and compelling production of publicly available documents). In any event, Defendants agreed that they would not withhold documents on the basis of public availability. *Doc. 45-2 at 3*.

communications in [Defendant's] possession, custody, or control concerning the claims, defenses, and/or subject matter of the litigation.

*Id*.

The response lists multiple objections but indicates that documents were withheld on the ground that the request for "all" documents of the requested categories was overbroad and "a more limited subset" would suffice. However, the response provided no information regarding the parameters defining "a more limited subset" of documents for each requested category. Likewise, the response fails to disclose the parameters of the "representative sample" of documents produced.

"An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate, the objection should state the scope that is not overbroad." Fed. R. Civ. P. 34(b) advisory committee's notes to 2015 amendment. Because Defendants did not state the limits that controlled their search and production of responsive and relevant materials, their response did not comply with Rule 34(b)(2)(C).[6] However, it does not appear that counsel have

---

[6] Examples of responses that comply with Rule 34(b)(2)(C) are Defendant Green's response to Request No. 20 (*Doc. 54-3 at 17*) and Defendant Macmillan's response to Request No. 18. *Doc. 54-2 at 16*. Both requests seek: "All documents and communications concerning Plaintiff's Marks, including but not limited to documents concerning when and how Defendant first became aware of Plaintiff's Marks, including documents showing how Defendant obtained such knowledge and the date on which Defendant obtained such knowledge." Each Defendant objected that the request sought privileged documents but stated that "subject to and without waiving the foregoing objection, [Defendant] will produce all non-privileged documents and communications in [Defendant's] possession, custody, or control concerning Plaintiff's Marks." The initial response complied with Rule 34(b)(2)(C) because it revealed the single parameter that

attempted to resolve a dispute regarding Defendants' compliance with Rule 34(b)(2)(C) as to Document Request No. 38 or any other *specific* document request.[7] RLP's request that the Court compel compliance with Rule 34(b)(2)(C) therefore is denied without prejudice. Counsel may meet and confer to resolve any remaining dispute arguably within the scope of the pending motion to compel.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion to compel (*Doc. 38*) is DENIED in part and DENIED WITHOUT PREJUDICE in part as provided in this Order.[8]

Dated 24 September 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

controlled the search for responsive documents (privilege) and stated that "all" non-privileged documents would be produced.

[7] In addition, like all motions, a motion to compel must state with particularity the relief sought, Fed. R. Civ. P. 7(b)(C), and I decline to independently examine and assess each of Defendants' responses based on a generalized assertion that they fail to meet the requirements of Rule 34(b)(2)(C).

[8] If counsel meet in person and, despite good faith efforts, are unable to resolve any remaining dispute, they may file a joint motion, not to exceed ten pages, that: (1) identifies by number, each document request that remains in dispute; (2) states with specificity Defendants' grounds for objecting to each request, including the reasons; (3) as to each objection, states whether Defendants are withholding any responsive materials on the basis of the objection; and (4) for any objection that a request is overbroad but recognizes that some part of the request is not overbroad, Defendants must identify the scope of the request that is not overbroad.